# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| Autoridad de Energía Eléctrica de Puerto Rico, | § | |
| | § | Civil No. 3:17-cv-1999 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Vitol S.A.; Vitol, Inc.; Fidelity and Deposit Co. of Maryland; Fulano de Tal; Fiadoras A, B and C; Aseguradoras X, Y and Z; Carlos M. Benítez, Inc., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | | |

## NOTICE OF REMOVAL

In accordance with 48 U.S.C. § 2166, defendants Vitol S.A. ("VSA") and Vitol Inc. ("VIC") jointly file this notice that this civil action, *Autoridad de Energía Eléctrica de Puerto Rico v. Vitol Inc., et al.*, Civil No. K AC2009-1376 (901), Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Part, has been removed from the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, in San Juan, Puerto Rico to the United States District Court for the District of Puerto Rico.

### I.      Overview

1.      This case is a dispute between the Puerto Rico Electric Power Authority ("PREPA"), and VIC, an energy supply company based in Houston, Texas.  It was litigated for more than six years in the United States District Court for the District of Puerto Rico, before it was remanded to the Commonwealth Courts in Puerto Rico.  That remand decision was recently affirmed by the United States Court of Appeals for the First Circuit.  But PREPA's recent filing for protection under Title III of the Puerto Rico Oversight, Management, and Economic Stability

Act, 48 U.S.C. § 2164 ("PROMESA"), provides an independent and previously unavailable basis for removal and federal subject matter jurisdiction.  Defendants VSA and VIC timely remove this action under PROMESA.

## II.    Factual Background

2.      PREPA entered into six contracts with VIC for the supply of fuel oil during the period from 2005 to 2009.  Those contracts were—according to PREPA's own admissions—fully performed by VIC, and PREPA enjoyed the benefits of that performance.  But in November 2009, shortly before the last contract was to expire, and as PREPA's financial condition deteriorated, PREPA claimed that its last two contracts with VIC were "null," "void ab initio," and without "any legal effect whatsoever," under a Puerto Rico statute (Law 458) that bars the Puerto Rico government from contracting with parties that have been convicted of certain crimes.    PREPA based its claim on a criminal conviction against VSA, VIC's legally independent sister company, in New York state court arising from VSA's participation in the United Nations Oil for Food Programme, which indisputably had nothing to do with the PREPA contracts.

3.      By the time PREPA made that claim, however, five of the six fuel supply contracts with VIC had already been fully performed and had expired according to their terms. As for the sixth and final contract, it had not expired at the time PREPA asserted the claims at issue, but it too has long since expired (on January 31, 2010).  It, too, had been fully performed, save for one remaining obligation: PREPA's obligation to pay the $28.4 million it owes VIC. That $28.4 is for fuel that PREPA requested and accepted in August and September 2009—*after* PREPA had actual knowledge of VSA's conviction in 2007, and *after* PREPA assured VIC that

(2009 Case)

the last contract would "remain in effect until January 31, 2010," and that PREPA needed VIC's "cooperation during this period."

4.     In November 2009 and then in December 2012, PREPA sued VIC and its legally independent sister company VSA in two separate actions in the Puerto Rico Commonwealth Courts seeking to "nullify" the six fuel supply contracts and to claw back all $3.89 billion that PREPA had allegedly paid VIC for the fuel oil—without any offset for the value of the oil VIC had delivered and PREPA had consumed.

5.     PREPA's complaint is not that VIC or VSA failed to perform any provision of the contracts.  To the contrary, PREPA admits that it has no actual damages, that VIC was its "best supplier," and that it saved $60 million over the life of the contracts by contracting with VIC rather than the next-lowest bidder.  Rather, as noted above, PREPA claimed that the contracts were "null," "void ab initio," and without "any legal effect whatsoever," under Puerto Rico's Law 458 based on the indisputably unrelated conviction of VSA in New York state court.

6.     PREPA claims that this alleged (albeit nonexistent) statutory reporting violation allows PREPA to claim an unprecedented (and unconstitutional) statutory penalty—the forfeiture of the full amount of the $3.89 billion PREPA allegedly paid VIC under the fuel supply contracts without any offset for the value of the fuel oil VIC delivered to PREPA.

### III.     Procedural Background

7.     PREPA filed its initial complaint in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, on November 4, 2009, in which PREPA sought to nullify the last two contracts between PREPA and VIC.  The initial Commonwealth Court action is styled *Autoridad de Energía Eléctrica de Puerto Rico v. Vitol Inc., et al.*, Civil No. K AC2009-1376

(901), Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Part, and is referred to in this Notice as the "2009 Action."

8.     On December 14, 2009, VIC and VSA timely removed the 2009 Action to the United States District Court for the District of Puerto Rico, Case No. 3:09-cv-002242-SJM, on the basis of diversity of citizenship jurisdiction.

9.     VIC answered PREPA's complaint and filed a counterclaim against PREPA for breach of contract based on PREPA's failure to pay VIC's invoices for the last shipments of fuel oil VIC delivered to PREPA under the final fuel-oil supply contracts with PREPA.

10.     On November 28, 2012, PREPA filed a second action in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, in which PREPA sought to nullify the first four contracts between PREPA and VIC.  That second action is styled *Autoridad de Energía Eléctrica de Puerto Rico v. Vitol Inc. and Vitol S.A. d/b/a Vitol S.A., Inc.*, Civil No. K AC2012-1174 (905), and is referred to in this Notice as the "2012 Action."

11.     On December 31, 2012, VIC and VSA timely removed the 2012 Action to the United States District Court for the District of Puerto Rico, Case No. 3:12-cv-02062-SJM, on the basis of diversity of citizenship jurisdiction.

12.     PREPA alleges materially identical claims and causes of action under Law 458 in the 2009 Action and the 2012 Action.  In both cases, PREPA seeks to (a) declare its fuel supply contracts with VIC "null," "void ab initio," and without "any legal effect whatsoever" because of a purported violation of Puerto Rico's Law 458; and (b) obtain a statutory forfeiture of all payments made by PREPA under the contracts for fuel oil that VIC delivered and that PREPA accepted, consumed, and then resold to its electricity customers in Puerto Rico.

4

13.     The 2009 Action and the 2012 Action were consolidated before the District Court and are referred to collectively in this Notice of Removal as the "Action."

14.     PREPA repeatedly moved the District Court to remand this Action to the Puerto Rico Commonwealth Court on the basis of forum selection clauses in its contracts with VIC. The District Court accepted removal of the Action and repeatedly denied, without prejudice, PREPA's motions to remand.

15.     The parties thereafter engaged in discovery and PREPA, on the one hand, and VSA and VIC, on the other, then filed and fully briefed cross motions for summary judgment in the Action.  Those cross-motions for summary judgment were pending for more than two years, when the Action was administratively reassigned to a new District Judge by the Chief Judge of the First Circuit on October 7, 2015.

16.     After the Action was administratively reassigned, PREPA filed its Third Motion to Remand.  The District Court granted PREPA's Third Motion to Remand on March 16, 2016, and the United States Court of Appeals for the First Circuit affirmed the District Court's remand order on June 13, 2017.  Both the District Court's remand order and the First Circuit's order affirming were based exclusively on a ruling that the forum selection clauses in VIC's contracts with PREPA prevented VIC from consenting to VSA's removal, which resulted in a lack of unanimity of consent to removal under 28 U.S.C. § 1446(b)(2)(A).  *See* Case No. 3:09-cv-002242-SJM, ECF 334 (D. Ct. Order Granting 3d Mot. to Remand); *Id.*, ECF 341 (1st. Cir. Op.). A petition for panel rehearing and for rehearing en banc is currently pending before the First Circuit.

5

### IV.     PREPA Files for Protection Under Title III of PROMESA

17.     On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico filed a petition on behalf of PREPA seeking to restructure PREPA's debts under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2164 ("PROMESA").

18.     Title III of PROMESA provides an independent and previously unavailable basis for removal of, and federal subject matter jurisdiction over, this Action. *See* 48 U.S.C. § 2166(a) & (d).

### V.     Removal Is Timely

19.     Today, on July 26, 2017, defendants Vitol S.A. and Vitol Inc. timely filed this notice of removal. *See* 48 U.S.C. § 2166(d); 48 U.S.C. § 2170 (incorporating the Federal Rules of Bankruptcy Procedure as the "Applicable rules of procedure" for Title III cases under PROMESA); Fed. R. Bankr. P. 9027(a)(2); 28 U.S.C. § 1446(b)(1).

20.     Defendants Vitol S.A. and Vitol Inc. timely filed this notice of removal within 30 days from the filing of PREPA's Title III petition on July 2, 2017, which is the date upon which the case became removable under Title III of PROMESA.

21.     Venue is proper in this district because the United States District Court for the District of Puerto Rico is "the district court for the territory in which the covered territorial instrumentality is located."  48 U.S.C. § 2167(a)(2).

### VI.     Removal Is Proper Under 48 U.S.C. § 2166(d)(1)

22.     Section 2166(d)(1) of PROMESA provides for removal of claims or causes of action to federal court "if the district court has jurisdiction of the claim or cause of action under this section."  48 U.S.C. § 2166(d)(1).

6

23.     This Court has jurisdiction over this Action under 48 U.S.C. § 2166(a)(2), which provides:  "The district courts shall have-- . . . original but not exclusive jurisdiction of all civil proceedings arising under this subchapter, or arising in or related to cases under this subchapter." Section 2166(a)(2) is materially identical to 28 U.S.C. § 1334, which provides for federal jurisdiction over cases brought under the Federal Bankruptcy Code.

24.     Section 2166(a)(2)'s jurisdictional requirements are met here for two independent reasons: (1) this Action is a case "arising under" Title III of PROMESA or "arising in" a case under Title III of PROMESA; alternatively (2) this Action is a case "related to" PREPA's case under Title III of PROMESA.

25.     First, PREPA's lawsuit against VSA and VIC, and VIC's counter-claim against PREPA, are "civil proceedings arising under [Title III of PROMESA] . . . or arising in . . . [a] case[] under this subchapter."  48 U.S.C. § 2166(a)(2).  "Core" proceedings are "[a]rising under" and "arising in" proceedings.  *In re Paolo*, 619 F.3d 100, 102 (1st Cir. 2010) ("Proceedings are "related to" a Title 11 case within the meaning of 28 U.S.C. § 1334(b) if they have some potential effect on the bankruptcy estate.  Section 1334(b) also confers jurisdiction over proceedings arising under Title 11 or arising in a Title 11 case.  These latter categories are 'core' proceedings, whereas those merely related to the bankruptcy are 'non-core.'" (citations omitted)).

26.     VIC's counterclaim against PREPA for recovery of the money PREPA owes VIC for fuel oil that VIC delivered at PREPA's request is a "core" proceeding and hence is within this Court's jurisdiction.  Under 28 U.S.C. § 157(b)(2), "Core proceedings include, but are not limited to-- . . . (B) allowance or disallowance of claims against the estate . . . ."  VIC has filed a proof of claim in PREPA's Title III case for recovery of the amounts at issue on its counterclaim,

and PREPA has listed VIC as one of its twenty largest unsecured creditors (based on VIC's counterclaim) in the schedule filed with its Title III petition. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico ex rel. Puerto Rico Electric Power Auth.*, Case No. 17-BK-4780-LTS, ECF 1, at 11. As a result, VIC's counterclaim is a "core" claim within this Court's jurisdiction. *See In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 705 (2d Cir. 1995) ("[W]hen a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a prepetition contract claim arising under state law.").

27.     PREPA's claims in the 2009 Action seeking to nullify the last two contracts with VIC under Law 458 and to confiscate all the money paid under those contracts are also core claims because they directly affect the allowance of VIC's claim against PREPA's estate. That is because PREPA's *only* defense to VIC's counterclaim for nonpayment is PREPA's claim that the contracts are void ab initio under Puerto Rico's Law 458. *See In re CBI Holding Co.*, 529 F.3d 432, 461 (2d Cir. 2008) ("As defenses to E & Y's fees claim, these CBI claims also directly affect the allowance of that claim. 'Proceedings can be core by virtue of their nature if . . . the proceedings directly affect a core bankruptcy function.'" (alteration in original) (quoting *In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999))).

28.     Similarly, PREPA's claims in the 2012 Action seeking to nullify the first four contracts under Law 458 and to confiscate all the money paid under them are also core claims because they, too, directly affect the allowance or disallowance of VIC's claim against PREPA. PREPA's basis for seeking to nullify the first four contracts is *identical* to its defense to nonpayment on VIC's counterclaim under the last two contracts—the claim that all of PREPA's contracts with VIC are void ab initio and without legal effect under Law 458.

29.     Accordingly, resolution of PREPA's affirmative claims as to validity of the first four contracts will determine whether VIC's claim against PREPA under the final contracts is allowed or disallowed: if PREPA's claims as to the validity of the first four contracts fail, VIC's claim will be allowed; if PREPA's claims as to the validity of the first four contracts succeed, VIC's claim will be disallowed.  *In re DPH Holdings Corp.*, 448 F. App'x 134, 137 (2d Cir. 2011) (unpublished) ("Core proceedings include those seeking the 'allowance or disallowance of claims against the estate,' 28 U.S.C. § 157(b)(2)(B), and, here, the resolution of whether Delphi's estate is liable for those workers' claims will determine whether the claims asserted against the estate should be allowed or disallowed.").

30.     Alternatively, PREPA's claims against VSA and VIC and VIC's counterclaim against PREPA are "related to" PREPA's Title III Petition and are therefore within this Court's subject matter jurisdiction under § 2166(a)(2).  Interpreting § 1334, which is materially identical to (and the basis for) § 2166(a)(2) of PROMESA, the First Circuit has explained that "[t]he statutory grant of 'related to' jurisdiction is quite broad."  *In re Boston Regional Med. Ctr., Inc.*, 410 F.3d 100, 105 (1st Cir. 2005).  Federal courts have "related to" jurisdiction "as long as the outcome of the litigation 'potentially [could] have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'"  *Id.* (alteration in original) (quoting *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991)).

31.     That test is plainly satisfied here: "the outcome of" PREPA's claims against VIC and VSA could "potentially have some effect on the bankruptcy estate" because it would affect the amount of funds available to creditors.  *See id.* ("Whether or not BRMC prevails will directly

affect the amount of the liquidating dividend paid to creditors. There is, therefore, a fairly close connection between the adversary proceeding and the administration of the bankruptcy estate.").

### VII.   Unanimity of Defendants Is Not Required for Removal Under PROMESA

32.   Under 48 U.S.C. § 2166(d)(1), "[a] party may remove any claim or cause of action in a civil action . . . if the district court has jurisdiction of the claim or cause of action under this section."   Section 2166(d)(1) is materially identical to 28 U.S.C. § 1452, which provides for removal of claims brought under the Federal Bankruptcy Code, and therefore should be interpreted in the same way.

33.   Unanimous consent of defendants is not required to remove claims based on bankruptcy jurisdiction under Section 1452(a).  *See Cal. Pub. Employees' Retirement Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[B]ecause any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) ("Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties."); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) ("But in any event section 1452(a) authorizes removal by 'a party' (in contrast to section 1441(a), which authorizes removal by 'the defendant or the defendants'—the plural being the basis for the requirement of unanimity), and so has been interpreted to reject the requirement of unanimity.").

34.   VSA and VIC each independently remove this Action.  Further, removal is proper because VSA and VIC consent to each other's removal of this Action and therefore all defendants properly joined and served (VIC and VSA) have consented to removal.

**VIII.   No Consent to Entry of Final Orders or Judgment by the Bankruptcy Court**

35.     VSA and VIC do not consent to entry of final orders or judgment by the bankruptcy court.

**IX.     Removal Papers**

36.     In accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1), defendants Vitol S.A. and Vitol Inc. attach the following items as part of the Notice of Removal.

37.     PREPA's complaint is attached as **Exhibit 1** (Spanish) and **Exhibit 1-T** (Certified Translation).  VSA and VIC's answer and VIC's counterclaim is attached as **Exhibit 2**.  The federal district court docket sheet for the 2009 Action is attached as **Exhibit 3**.  The First Circuit Court of Appeals docket sheet for the 2009 Action is attached as **Exhibit 4**.  The federal district court docket sheet for the 2012 Action is attached as **Exhibit 5**.  The First Circuit Court of Appeals docket sheet for the 2012 Action is attached as **Exhibit 6**.

38.     A Notice of Filing Exhibits Conventionally, Form D to this Court's CM/ECF Manual, is attached as **Exhibit 7**.  The documents filed in the federal district court and First Circuit Court of Appeals in both the 2009 Action and the 2012 Action are too voluminous to file electronically and accordingly are being filed, at the Clerk's direction, with the Court conventionally on a USB drive, filed herewith as **Exhibit 8**, copies of which will be served on all parties of record in this Action.

39.     All documents filed in the 2009 Action and 2012 Action in the Commonwealth of Puerto Rico Court of First Instance are attached:

| 2009 Action | |
|---|---|
| **Exhibit** | **Description** |
| 9 | 2009/11/4 – Complaint (Spanish) |
| 9-T | 2009/11/4 – Complaint (Certified Translation) |
| 10 | 2009/11/16 – Vitol, Inc. Summons (Spanish) |
| 10-T | 2009/11/16 – Vitol, Inc. Summons (Certified Translation) |

11

| 11 | 2009/11/16 – Vitol S.A., Inc. Summons (Spanish) |
|---|---|
| 11-T | 2009/11/16 – Vitol S.A., Inc. Summons (Certified Translation) |
| 12 | 2009/11/16 – Fidelity & Deposit Company of Maryland Summons (Spanish) |
| 12-T | 2009/11/16 – Fidelity & Deposit Company of Maryland Summons (Certified Translation) |
| 13 | 2009/11/16 – Carlos M. Benitez, Inc. Summons (Spanish) |
| 13-T | 2009/11/16 – Carlos M. Benitez, Inc. Summons (Certified Translation) |
| 14 | 2009/12/1 – Request for Extension of Time (Spanish) |
| 14-T | 2009/12/1 – Request for Extension of Time (Certified Translation) |
| 15 | 2009/12/1 – Motion Assuming Representation (Spanish) |
| 15-T | 2009/12/1 – Motion Assuming Representation (Certified Translation) |
| 16 | 2009/12/9 – Notification (Spanish) |
| 16-T | 2009/12/9 – Notification (Certified Translation) |
| 17 | 2009/12/15 – Informative Motion Related to Removal (Spanish) |
| 17-T | 2009/12/15 – Informative Motion Related to Removal (Certified Translation) |
| 18 | 2009/12/21 – Notification (Spanish) |
| 18-T | 2009/12/21 – Notification (Certified Translation) |
| 19 | 2010/1/8 – Informative Motion (Spanish) |
| 19-T | 2010/1/8 – Informative Motion (Certified Translation) |
| 20 | 2010/8/26 – Notification of Judgment (Spanish) |
| 20-T | 2010/8/26 – Notification of Judgment (Certified Translation) |
| 21 | 2013/7/16 – Motion Requesting Withdrawal of Representation (Spanish) |
| 21-T | 2013/7/16 – Motion Requesting Withdrawal of Representation (Certified Translation) |
| 22 | 2013/8/1 – Notification (Spanish) |
| 22-T | 2013/8/1 – Notification (Certified Translation) |
| 23 | 2016/6/1 – Notification (Spanish) |
| 23-T | 2016/6/1 – Notification (Certified Translation) |
| 24 | 2016/6/20 – Motion in Compliance with Order (Spanish) |
| 24-T | 2016/6/20 – Motion in Compliance with Order (Certified Translation) |
| 25 | 2016/6/23 – Motion in Compliance with Order and in Opposition to Request for Stay of the Proceedings (Spanish) |
| 25-T | 2016/6/23 – Motion in Compliance with Order and in Opposition to Request for Stay of the Proceedings (Certified Translation) |
| 26 | 2016/7/1 – Reply to Opposition (Spanish) |
| 26-T | 2016/7/1 – Reply to Opposition (Certified Translation) |
| 27 | 2016/7/8 – Notification (Spanish) |
| 27-T | 2016/7/8 – Notification (Certified Translation) |
| 28 | 2016/7/13 – Motion Regarding "Reply to Opposition" (Spanish) |
| 28-T | 2016/7/13 – Motion Regarding "Reply to Opposition" (Certified Translation) |
| 29 | 2016/7/19 – Notification (Spanish) |
| 29-T | 2016/7/19 – Notification (Certified Translation) |

| 30 | 2016/7/19 – Notification of Filing in the Record or Resolution of Motion for Reconsideration (Spanish) |
|---|---|
| 30-T | 2016/7/19 – Notification of Filing in the Record or Resolution of Motion for Reconsideration (Certified Translation) |
| 31 | 2016/7/20 – Notification (Spanish) |
| 31-T | 2016/7/20 – Notification (Certified Translation) |

| 2012 Action | |
|---|---|
| **Exhibit** | **Description** |
| 32 | 2012/11/28 – Complaint (Spanish) |
| 32-T | 2012/11/28 – Complaint (Certified Translation) |
| 33 | 2012/12/6 – Vitol, Inc. Summons (Spanish) |
| 33-T | 2012/12/6 – Vitol, Inc. Summons (Certified Translation) |
| 34 | 2012/12/6 – Vitol S.A. d/b/a Vitol S.A., Inc. Summons (Spanish) |
| 34-T | 2012/12/6 – Vitol S.A. d/b/a Vitol S.A., Inc. Summons (Certified Translation) |
| 35 | 2013/1/3 – Informative Motion Related to Removal (Spanish) |
| 35-T | 2013/1/3 – Informative Motion Related to Removal (Certified Translation) |
| 36 | 2013/1/15 – Notification of Judgment (Spanish) |
| 36-T | 2013/1/15 – Notification of Judgment (Certified Translation) |
| 37 | 2013/9/23 – Notification (Spanish) |
| 37-T | 2013/9/23 – Notification (Certified Translation) |
| 38 | 2016/10/7 – Request for Stay of the Case (Spanish) |
| 38-T | 2016/10/7 – Request for Stay of the Case (Certified Translation) |
| 39 | 2016/10/12 – Informative Motion and in Compliance with Order (Spanish) |
| 39-T | 2016/10/12 – Informative Motion and in Compliance with Order (Certified Translation) |
| 40 | 2016/10/14 – Notification (Spanish) |
| 40-T | 2016/10/14 – Notification (Certified Translation) |
| 41 | 2016/10/14 – Notification (Spanish) |
| 41-T | 2016/10/14 – Notification (Certified Translation) |
| 42 | 2016/10/31 – Motion in Opposition to "Request for Stay of the Case" (Spanish) |
| 42-T | 2016/10/31 – Motion in Opposition to "Request for Stay of the Case" (Certified Translation) |
| 43 | 2016/11/14 – Reply in Support of Request for Stay of Case (Spanish) |
| 43-T | 2016/11/14 – Reply in Support of Request for Stay of Case (Certified Translation) |
| 44 | 2016/11/22 – Notification (Spanish) |
| 44-T | 2016/11/22 – Notification (Certified Translation) |
| 45 | 2016/12/16 – Minutes (Spanish) |
| 45-T | 2016/12/16 – Minutes (Certified Transcript) |
| 46 | 2017/1/20 – Notification (Spanish) |
| 46-T | 2017/1/20 – Notification ( Certified Translation) |

13

40.    Defendants Vitol S.A. and Vitol Inc. are also filing a corporate disclosure statement separately from this notice of removal.

### X.    Notification to the State Court

41.    Defendants Vitol S.A. and Vitol Inc. are providing notice of removal of this action to the Commonwealth of Puerto Rico Court of First Instance, San Juan Part.

Respectfully Submitted,

In San Juan, Puerto Rico, this 26th day of July, 2017.

THE LAW OFFICES OF
ANDRÉS W. LÓPEZ, P.S.C.

902 Fernández Juncos Ave.
Miramar
San Juan, Puerto Rico 00907
P.O. Box 13909
San Juan, Puerto Rico 00908
Telephone: (787) 294-9508
Fax: (787) 294-9519

s/ Andrés W. López____
ANDRÉS W. LÓPEZ
USDC No. 215311
Andres@awllaw.com

*Counsel for Vitol S.A.*

McCONNELL VALDÉS LLC

270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5608 / 5813
Fax: (787) 474-9207

s/ Eduardo A. Zayas-Marxuach
Eduardo A. Zayas-Marxuach
USDC-PR 216112
ezm@mcvpr.com

SUSMAN GODFREY, LLP

1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

s/ Neal Manne_____
Neal S. Manne
(*Pro Hac Vice* forthcoming)
nmanne@susmangodfrey.com

14

s/ Alexander Kaplan_____
Alexander L. Kaplan
(*Pro Hac Vice* forthcoming)
akaplan@susmangodfrey.com


s/ Weston O'Black_____
Weston L. O'Black
(*Pro Hac Vice* forthcoming)
woblack@susmangodfrey.com


s/ Michael Kelso_____
Michael C. Kelso
(*Pro Hac Vice* forthcoming)
mkelso@susmangodfrey.com


**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

4 Times Square
New York, New York  10036
Telephone: (212) 735-3000
Fax: (212) 735-2000


s/ Jay M. Goffman_____
Jay M. Goffman
(*Pro Hac Vice* forthcoming)
jay.goffman@skadden.com


s/ Mark A. McDermott_____
Mark A. McDermott
(*Pro Hac Vice* forthcoming)
mark.mcdermott@skadden.com


s/ Bram A. Strochlic_____
Bram A. Strochlic
(*Pro Hac Vice* forthcoming)
bram.strochlic@skadden.com


*Counsel for Vitol Inc.*

15

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this date, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using CM/ECF, which will send a notification of this filing to all counsel and parties of record. I have also sent a courtesy copy of the foregoing document via United States Priority Mail to the following counsel:

Lic. Roberto Corretjer Piquer
Eduardo J. Corretjer Reyes
BUFETE ROBERTO CORRETJER PIQUER
625 Ave. Ponce de León
San Juan, Puerto Rico 00917-4819

Carlos M. Benítez, Inc.
470 Avenida Ponce de León
San Juan, Puerto 00918

Lic. Cristina M. Abella Díaz
RG LAW OFFICES PSC
124 Isabel Andréu Aguilar
Hato Rey, Puerto Rico 00918

s/ Andrés W. López
ANDRÉS W. LÓPEZ

16

(2009 Case)